### DUPREE et al. v. LEGGETT et al.

#### (Circuit Court, E. D. North Carolina. July 23, 1903.)

1. EQUITY—DEMURRER—VERIFICATION—CERTIFICATE OF COUNSEL.

Equity Rule 31 provides that no demurrer shall be allowed to be filed to any bill unless on a certificate of counsel that, in his opinion, it is well founded in point of law, and supported by the affidavit of the defendant that it is not interposed for delay. Held, that the requirements of such rule could not be waived, and that a demurrer to a bill not supported by the certificate and affidavit required was fatally defective.

In Equity.

Wells & Wells and Rountree & Carr, for complainants.
Russell & Gore, for defendants.

PURNELL, District Judge. The bill herein was filed December 3, 1902, in the circuit court at Wilmington, and seeks to recover real

estate which purported to have been sold under an order of the probate court of Pitt county, N. C. On May 4, 1903, W. H. Harrington and wife filed what purports to be a demurrer "that the said plaintiffs have not in and by said bill made or stated any such cause as doth or ought to entitle them to any relief as thereby sought, or any relief whatever in this court," which demurrer is accompanied by a certificate of counsel for plaintiffs, but is without verification. Equity Rule 31, which has the force of a statute, is as follows:

"No demurrer or plea shall be allowed to be filed to any bill, unless upon a certificate of counsel, that in his opinion it is well founded in point of law, and supported by the affidavit of the defendant that it is not interposed for delay; and, if a plea that it is true in point of fact."

An answer under oath is waived in the bill, but the rule applicable to a demurrer is not and cannot be waived. Sheffield Furnace Co. v. Witherow, 149 U. S. 574, 13 Sup. Ct. 936, 37 L. Ed. 853.

The demurrer is fatally defective in other respects and does not raise the questions argued in the briefs. A decree pro confesso may be entered. This disposes of the demurrer of these defendants.

One defendant—Jas. H. Lang—has interposed an answer, and it appears other defendants have not yet been served; hence the cause is not in a condition to be heard. When it is properly before the court, the bill will be examined as required by the act of Congress of 1888, and, if the jurisdictional facts do not affirmatively appear in the record, the bill will be dismissed. Bates, Fed. Eq. Pro. §§ 5–11, inclusive; U. S. Comp. St. 1901, tit. 13, p. 512 (Act March 3, 1887, c. 373, § 6, 24 Stat. 555; Act Aug. 13, 1888, c. 866, § 6, 25 Stat. 436).