MURRAY CO. v. CONTINENTAL GIN CO.

(Circuit Court, D. Delaware. October 12, 1903.)

No. 240.

1. INFRINGEMENT OF PATENT—BILL.

In a bill of complaint charging infringement of letters patent, the averment of infringement under the form "your orator further shows on information and belief, that" &c. is sufficient as matter of pleading; the fact of infringement not being necessarily within the knowledge of the complainant.

(Syllabus by the Court.)

In Equity.

Roberts & Mitchell, for complainant.

Melville W. Church, for defendant.

BRADFORD, District Judge. The Continental Gin Company has demurred to a bill brought against it by The Murray Company charging infringement of letters patent of the United States Nos. 472,607, 488,446 and 644,532, and containing the usual prayers. Four grounds of demurrer were assigned; but at the hearing the counsel for the defendant abandoned the third and fourth, and confined his argument to the first and second grounds, which are as follows:

"First, that it does not appear from said bill of complaint that the defendant herein is positively charged with infringement of the letters patent in said bill of complaint mentioned, all of the allegations in said bill as to infringement (i. e. those contained in paragraph 14 of said bill) being 'on information and belief' only.

Second, that it does not appear from said bill of complaint that the defendant herein is positively charged with making, using or selling apparatus or machines in which all of the improvements covered by the several letters patent mentioned in said bill of complaint are conjointly contained or used, all of the allegations of the said bill in that behalf (i. e. those contained in paragraph 14 of said bill) being 'on information and belief' only."

The allegations of infringement contained in paragraph 14 of the stating part of the bill are introduced by the words "your orator further shows on information and belief" &c., and the whole contention of the defendant resolves itself into the proposition that infringement cannot properly or sufficiently be alleged on information and belief according to that form. The point for decision is not what probative force such a statement under oath should have. The issuance at this time of an injunction pursuant to the bill is not asked. Nor is present affirmative relief of any kind sought. The question solely relates to the sufficiency and propriety of such a statement as matter of pleading. I am not aware of the existence of any peculiarity in the subject of infringement of patent rights which requires that the allegation of infringement in a bill should be excepted from the operation of the rules ordinarily applicable to the statement in equity plead-

¶ 1. Pleading in patent infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

ing of necessary and material facts. It is a general rule that whatever is essential to the right of a complainant to maintain a bill and is necessarily within his knowledge ought to be alleged, not on information and belief, but positively and with precision. This rule in terms presupposes that the essential fact is known to the complainant personally. There is no rule of pleading which defeats a complainant in the assertion of his claim, howsoever meritorious, unless he unqualifiedly makes oath or affirmation to an essential fact not known to him. Such a rule would be abhorrent to one's sense of justice. It frequently happens that in suits in equity facts essential to the maintenance of the bill are not within the actual knowledge of the complainant and must be established, if at all, at the proper time by witnesses possessing requisite knowledge, or by the production of documentary evidence. The asserted doctrine that a verified bill for the infringement of patent rights cannot be sustained unless the complainant has personal knowledge of and positively alleges the fact of infringement is, in my opinion, utterly unsound, and if enforced would largely defeat the administration of justice in patent litigation. There is a distinction in equity pleading between an averment of information and belief as to matter of fact and an averment of matter of fact on information and belief. The former averment is improper, as issue cannot legitimately be taken on the existence of such information and belief. The latter is proper, as it tenders issuable matter of fact. The distinction between these two classes of averment is recognized in the authorities, although in some instances it has been misapplied through failure correctly to assign the averment to its proper class. That the form of averment here complained of is sufficient and wholly unobjectionable I have no doubt. In Leavenworth v. Pepper (C. C.) 32 Fed. 718, a demurrer to a bill alleging on information and belief the making of fraudulent representations which induced the execution of a conveyance was overruled, Judge Thayer saying:

"The particular point of objection made is that in the charging part of the bill, where it is alleged that Mrs. Leavenworth was in a feeble condition of mind and body, and incapable of making a valid conveyance, and in that part of the bill where it is charged that she was induced to make the conveyance by representations that the grantee would hold the property in trust for the heirs at law, the allegations are only made upon information and belief. This is supposed to be good reason why the defendants should not be called upon to answer the bill. I think that position is untenable. If the court was asked to grant any interlocutory orders, such as to issue an injunction against making sales of any of the property pending suit, or if it was asked to appoint a receiver of the property pending the litigation, the court would look at the character of the averments, and finding that they were only made upon information and belief, it would probably refuse any such interlocutory orders; but the fact that these averments are made upon information and belief is no reason, in my judgment, why the defendants should not answer the bill."

In Wells v. Bridgeport Hydraulic Co., 30 Conn. 316, 79 Am. Dec. 250, the form of an averment in a bill for the making of false representations was that the complainant or petitioner "is informed and verily believes, and thereupon avers." On demurrer the bill was held

unobjectionable so far as the above averment was concerned, Judge Sanford saying:

"Next, it is contended that the bill is insufficient because the charge of misrepresentation is made upon information and belief. The allegation is, that the petitioner 'is informed and verily believes, and thereupon avers,' etc. The charge therefore is made in terms of direct and positive averment. And not only is it in the form very commonly adopted in bills in equity, but it is in no degree impaired by the statement that it is made upon information which the petitioner verily believes to be true. It is still a direct and positive averment."

In Elliott & Hatch Book-Typewriter Co. v. Fisher Typewriter Co. (C. C.) 109 Fed. 330, it was held on demurrer that a bill for infringement of patents was not insufficient in averring essential facts required by statute according to the form adopted in that case. One of the grounds of demurrer was that "the statutory allegations are made merely upon information and belief." Judge Hazel said:

"The complainant avers the essential allegations on information and belief. The particular wording of the averment is as follows: 'And thereupon your orator complains and says on information and belief.' It is set forth in Story, Eq. Pl. § 255, that 'whatever is essential to the rights of the plaintiff, and necessarily within his knowledge, ought to be alleged positively, and with precision.' In Wyckoff v. Typewriter Co. (C. C.) 88 Fed. 515, the correct form of averment of infringement, where a positive charge is not made, was held to be 'that plaintiff has been informed and believes, and therefore avers.' The averment in this case does not literally comply with the approved language. But I deem it sufficient. * * * This objection, therefore, is overruled."

In Coryell v. Klehm, 157 Ill. 462, 41 N. E. 864, it appears that the bill contained allegations in the form of direct and positive statements of fact, with the additional words, "as your oratrix is informed and believes." The bill having been dismissed on demurrer, the Supreme Court of Illinois, in reversing the decree below, through Judge Baker, said:

"It here appears that the facts to constitute an express trust are not within the knowledge of the appellant, and she, therefore, is not within the general rule that requires a complainant to state them positively. (Campbell v. Paris and Decatur Railroad Co., 71 Ill. 611.) Where the allegations are made in the form of direct and positive statements of facts, with the additional words, 'as your oratrix is informed and believes,' it would seem that there is more than a simple averment of the complainant's confidence in the truth of the representations, and they may be regarded as averments of the facts, together with a statement of the source from which knowledge of those facts was derived."

In Boyd v. Thayer, 143 U. S. 135, 12 Sup. Ct. 375, 36 L. Ed. 103, it appears that an answer to an information to establish the right of Thayer to the office of governor of Nebraska contained, among others, a material averment as follows:

"The respondent further alleges, on information and belief, that prior to October, 1854, his father did in fact complete his naturalization in strict accordance with the acts of Congress known as the naturalization laws so as to admit and constitute him a full citizen of the United States thereunder, he having exercised the rights of citizenship herein described, and at said time informed the respondent that such was the fact."

While it does not appear that the use of the words "alleges, on information and belief," was claimed by counsel to be objectionable, the court regarded the above allegation as proper pleading, Mr. Chief Justice Fuller saying:

"Such being the settled law, we can have no doubt that the fact that the respondent's father became a naturalized citizen of the United States before October, 1854, is well pleaded in the allegation in question, and is therefore admitted by the demurrer."

The statement that "your orator further shows on information and belief, that" &c. is equivalent to "your orator alleges on information and belief, that" &c. or "your orator is informed and believes and thereupon (or therefore) avers (or charges or alleges) that" &c. The books abound in similar modes of allegation and together with the practice on the subject leave no doubt of their propriety and sufficiency as matter of pleading, whether relating to infringement of patent rights or other essential facts, when not personally known to the pleader.

The demurrer must be overruled; the costs heretofore accrued in this cause to abide the event thereof