DUPREE et al. v. LEGGETTE et al.

(Circuit Court, E. D. North Carolina. September 19, 1905.)

COURTS—UNITED STATES COURTS—JURISDICTIONAL AVERMENTS IN PLEADINGS—AMOUNT IN CONTROVERSY.

A bill to recover an interest in lands of a decedent, in which the only allegation with respect to the amount or value in controversy is that "complainants are informed and believe that the whole of said lands * * * are worth $12,000, and the amount demanded by them herein is more than $2,000," is argumentative, leaving the court to make a calculation, and does not meet the statutory requirement to give a federal court jurisdiction.

[Ed. Note.—Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

In Equity.

Rountree & Carr and Wells & Wells, for complainants.
Russell & Gore, for defendants.

PURNELL, District Judge. The bill alleges that the complainants are residents and citizens of the state of Mississippi, except John and Annie Driggs, who reside in and are citizens of the state of Tennessee, and the defendants are citizens of North Carolina. Complainants allege that they are entitled to a one-third interest in the estate of Edward C. Yellowly, who died in Pitt county N. C., in the year 1885, seised and possessed of certain lands described in the bill. The bill is highly argumentative, and does not conform to the rules in equity. To some extent it is offensive in the use of such expressions as "the complainants state to the court," the "court will observe," etc., and does not follow the forms prescribed for pleadings in equity. In the decree overruling the demurrer when this cause was before the court (124 Fed. 700) it is said:

"When it is properly before the court, the bill will be examined as required by the act of Congress 1888, and, if the jurisdictional facts do not affirmatively appear in the record, the bill will be dismissed. Bates, Federal Equity Proceedings, § 11; U. S. Comp. St. tit. 13, p. 511; Act March 3, 1887, c. 373, § 6, 24 Stat. 555; Act Aug. 13, 1888, c. 866, § 6, 25 Stat. 436."

After this an amended bill and answer were filed, and depositions taken. An examination of the original bill of 28 pages and the amended bill of 30 pages typewritten matter shows the only expression to be found setting forth the matter in dispute, exclusive of interest and costs, is on page 27 of the amended bill, as follows:

"Complainants are informed and believe that the whole of said lands, situated as they are, adjoining an incorporated town and improved as they are, are worth $12,000, and the amount demanded by them herein is more than $2,000."

The jurisdiction of the court being strictly statutory, the words of the statutes or form prescribed should be followed. In the prayer for relief there is nothing to aid the bill or to show the amount in controversy, nor is there a demand for any amount.

Looking to the record, in the depositions of W. L. Brown and I. C.

Sugg the value of the land is fixed at $10,000; but, he adds, several houses have been erected thereon, and the value much enhanced since the sale. The deposition of Gov. Thos. J. Jarvis fixes the value of the land at the time of the sale (1887) at $4,000 or $5,000, and the land sold at that time for $4,100. Emily Harrington, who purchased the land at the sale, says she paid $3,100 for it. Having purchased at a judicial sale, and holding at least under color of title, allowance would be made to parties who purchased and now hold the land for betterments. This leaves the court to make a calculation, and is not in accordance with the statute fixing the amount which gives the court jurisdiction affirmatively, and under the statute the bill must be dismissed.

There are several other matters which it is not deemed necessary now to state touching the question of jurisdiction, which would require this termination of this suit. The court has no jurisdiction.

It is therefore considered, adjudged, and decreed that the bill herein be dismissed, and the defendants recover their costs, to be taxed by the clerk