BONIFACI v. THOMPSON, Adjutant General, et al.

(District Court, W. D. Washington, N. D.   November 1, 1917.)

1. EQUITY ⬤⟳15—SUBJECTS OF JURISDICTION.
    The jurisdiction of a court of equity, unless enlarged by express statute, is limited to the protection of property rights.

2. COURTS ⬤⟳342—JURISDICTION—FEDERAL COURTS.
    The United States courts have always recognized the distinction between common law and equity under the Constitution as a matter of substance, as well as of form and procedure, though both jurisdictions are vested in the same courts.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. INJUNCTION ⬥⬥55—JURISDICTION—"PROPERTY RIGHT."

Judicial Code, § 24, subd. 14 (Comp. St. 1916, § 991), gives a federal court no jurisdiction over a bill to enjoin a local board and adjutant general from inducting complainant into military service under the Selective Service Act, on the ground that interruption of complainant's employment would deprive him of a property right, for complainant has in no just sense a property right in his employment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property Rights.]

4. INJUNCTION ⬥⬥28—JURISDICTION—LOCAL DRAFT BOARD.

As a local board provided for by the Selective Service Act, is a public body, exercising quasi judicial functions in passing on the right of exemption, a court of chancery has no jurisdiction to interfere with such a board's exercise of its function.

In Equity. Bill by Peter Quarte Bonifaci against Maurice Thompson, Adjutant General, and W. M. Whitney and others, Local Board for Division No. 6, Seattle, Wash. On motion to dismiss. Motion granted.

Christofer Jacobson, of Seattle, Wash., for plaintiff.

Clay Allen, U. S. Atty., and Ben L. Moore, Asst. U. S. Atty., both of Seattle, Wash., for respondents.

NETERER, District Judge. Plaintiff filed a bill in equity, alleging that he is a "native-born citizen of the kingdom of Italy," born September 17, 1886; that he came to the United States on May 13, 1906, and declared his intention to become a citizen of the United States April 13, 1917; that he has been certified for military service by defendants Whitney, Conner, and Lee, as qualified and acting members of Local Board for Division No. 6, Seattle, Wash., under the Selective Service Act (approved May 18, 1917 [40 Stat. 76, c. 15]) to defendant Thompson, Adjutant General; that he filed claim for exemption under article 5 of the United States Constitution and article 3 of the treaty of commerce and navigation of February 26, 1871, between the United States and the kingdom of Italy (17 Stat. 847) as amended February 25, 1913 (38 Stat. 1669); that said exemption was denied by the local board, and also by the Division Board for Division No. 1, Western District of Washington, and prays that defendants be enjoined from requiring plaintiff to do military service.

[1, 2] The defendants have filed a motion to dismiss upon the ground that the court has not jurisdiction to hear and determine this matter, in that the issue involved is one concerning the personal rights only, and not any property rights; that the bill is wholly without equity, and the facts stated are not sufficient to entitle the plaintiff to any relief; that the bill of complaint upon its face shows that the plaintiff does not come into court with clean hands.

The first question to be determined is whether this is a matter of which chancery takes cognizance.

"The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property." In re Sawyer, 124 U. S. 200, 8 Sup. Ct. 482, 31 L. Ed. 402.

In the same case Mr. Justice Gray (124 U. S. at page 213, 8 Sup. Ct. at page 489, 31 L. Ed. 402) quoted from Kerr on Injunctions, as follows:

" 'It is elementary law, that the subject-matter of the jurisdiction of a court of chancery is civil property.' "

And again:

"Nor 'has the court of chancery jurisdiction to interfere with the duties of any department of government, except under special circumstances and when necessary for the protection of rights of property." Sheridan v. Colvin, 78 Ill. 247.

United States courts have always recognized the distinction between common law and equity, under the Constitution, as matter of substance as well as of form and procedure, and this has been maintained, although both jurisdictions are vested in the same courts. Fenn v. Holme, 21 How. 481, 16 L. Ed. 198; Thompson v. Railroad Co., 6 Wall. 134, 18 L. Ed. 765; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804; Miss. Mills v. Cohn, 150 U. S. 202, 14 Sup. Ct. 75, 37 L. Ed. 1052.

[3] Complainant asserts that special equity jurisdiction has been conferred by the Congress in subdivision 14, section 24, of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1092 [Comp. St. 1916, § 991]) and contends that, the employment of the plaintiff being about to be interrupted, he will thereby be deprived of a property right. This contention is not sustained. Judge Baker, in Taylor v. Kercheval (C. C.) 82 Fed. 499, said:

" * * * And it is clear that the complainant has in no just sense a right of property in his office or employment. * * * "

[4] It must be conceded that the District Board is a public body exercising quasi judicial functions in passing upon the right of exemption within the provisions of the rules and regulations prescribed by the President and the Selective Service Act (approved May 18, 1917), and, being such, this court of chancery has not jurisdiction to interfere with the duties of the board, exercising functions under another department of the government. It is said that the District Court for the Southern District of New York has within a day or so dismissed a like application. I have not had the opportunity of seeing this decision.

The motion to dismiss is granted.