**FARMERS' STATE BANK OF NEW WASHINGTON, OHIO, et al. v. BOARD OF COM'RS OF JENSEN BRIDGE DIST. et al.**

(District Court, S. D. Florida, at Jacksonville. February 12, 1920.)

1. **Action �köÉ6—Justiciable controversy held necessary to confer jurisdiction on federal courts.**

   To confer jurisdiction on federal courts on the ground of diversity of citizenship, under Judicial Code, § 24 (Comp. St. § 991), the case must present a justiciable controversy.

2. **Courts �köÉ260—Federal District Court cannot validate bridge bonds issued under Florida statute.**

   The federal District Court has no power to validate bridge bonds issued under Laws Fla. 1921, c. 8828, and Sp. Acts 1923, c. 9630.

3. **Injunction �köÉ11—Fear that action may be brought or that another court may decide improperly held not to warrant injunction.**

   An injunction should never be granted, except in a clear case of impending irreparable injury, which can only be averted by the exercise of the power, and mere apprehension by petitioner that action may be brought against him in the future, or that another court of competent jurisdiction may decide improperly, does not warrant injunction.

4. **Injunction �köÉ88—Injunction denied in suit to impound proceeds of bonds pending determination of taxpayer's suit to declare bonds invalid.**

   A suit by holders of bridge bonds to impound by injunction the proceeds of the bonds in the hands of county officials because of a taxpayer's suit pending in the state court to declare the act authorizing the bonds void, *held* not to show impending irreparable injury warranting an injunction, especially as the bonds had previously been held valid by the state circuit court and would probably be upheld by the state Supreme Court.

⊙—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. Courts ☞343—Taxpayer held not entitled to intervene in suit by bondholders to impound proceeds in hands of officials.

    Under equity rule 37, *held*, that a taxpayer was not entitled to intervene in a suit by the holders of bridge bonds to impound the proceeds of the bonds in the hands of the county officials pending determination of a taxpayer's suit in the state court to declare the act authorizing the bonds void.

In Equity. Suit for injunction by the Farmers' State Bank of New Washington, Ohio, and others against the Board of Commissioners of Jensen Bridge District and others, in which F. W. Wells filed a petition to intervene. Intervention and injunction denied.

G. W. L. Smith, of Brewton, Ala., for plaintiffs.

J. Turner Butler, of Jacksonville, Fla., and Fred Fee, of Ft. Pierce, Fla., for defendants.

Knight & Adair, of Jacksonville, Fla., for intervener.

CLAYTON, District Judge. The plaintiffs acquired in due course of business and paid for the bonds authorized to be issued by the board of commissioners of the Jensen bridge district (hereafter called commissioners) for the purpose of constructing the bridge mentioned in the bill. See Laws Fla. c. 8828, p. 417, of year 1921, and chapter 9630 of the Special Acts of the Florida Legislature, year 1923. The money derived from the bonds, $125,000, with the exception of $6,000 expended, is now in the custody or under the control of the commissioners. They have let the contract for building the bridge, and the work thereon is now in progress.

The bill, answer, and proof show that the bonds were lawfully issued under the act of the Legislature of Florida. But the plaintiffs ask that the money be impounded by injunction because certain taxpayers have now pending in the Supreme Court of Florida a state proceeding on appeal from the circuit court of Duval county, upholding the act, to declare the act authorizing the bonds void. Such taxpayers are not made parties to this cause. They seek to intervene, and the plaintiffs and defendants alike object to such intervention.

The defendant commissioners object to the issuance of injunction. The plaintiffs urge that, if in such proceedings now pending in the Supreme Court of Florida the bonds be held invalid, the money paid for them by the plaintiffs will have been expended by the commissioners in building the bridge; in short, the plaintiffs contend that they have the right to hold the bonds and insist upon the payment of the interest and the bonds as they mature, and pray that the money paid for the bonds be not expended in building the bridge, but be held subject to the order of this court pending such litigation in the state court. They also pray for other and general relief on the final hearing.

[1] The jurisdiction of this court is invoked on the ground of diversity of citizenship. Section 24 of the Judicial Code (Comp. St. § 991) confers jurisdiction in case of diversity of citizenship "where

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the *matter in controversy*[1] exceeds," etc. There must be a matter in controversy. So. Pac. Co. v. Eshelman (D. C.) 227 Fed. 928. It seems to me that here, so far as the question of issuing the injunction is concerned, there is no real controversy between the plaintiffs and the defendant commissioners, for both concede the validity of the bonds, and the commissioners acknowledge that the interest thereon and principal thereof must be paid as stipulated therein.

It is not contended that there has been any breach of any contract, or violation of any duty by the commissioners, or any default of the interest on said bonds; nor is it insisted that there was any fraud or irregularity in the issuance of the bonds. But I need not place my denial of the injunction upon the ground that the case does not present a justiciable controversy. There is one phase of the bill which may contain an equity independent of the matter of injunction. But I do not consider that now, for it is not necessary at this time to act on the motion to dismiss the bill for the want of equity.

[2-4] It is hardly necessary to say that this court has no power to validate the bonds as provided by the Florida act, though that is included in the plaintiffs' prayer. In so far as the application for injunction is concerned, I think it must be said that at the most the plaintiffs present a case of mere apprehension that the State court may declare the bonds invalid, but from the pleadings and proof it appears that these bonds have heretofore been held valid and as having been issued as provided by the act cited above.

Of course courts of equity have afforded injunctive relief where it was made reasonably certain that irreparable injury would be done without the employment of injunction. But the exercise of this power of a court of equity requires caution, deliberation, and sound discretion, and is dangerous in a doubtful case. It should not be exercised unless it is shown that injury is impending and threatened and can be averted "only by the protecting preventive process of injunction." Truly v. Wanzer, 5 How. (46 U. S.) 142, 12 L. Ed. 88; Robertson v. Montgomery, etc., 141 Ala. 348, 351, 37 South. 388, 109 Am. St. Rep. 30, 3 Ann. Cas. 965. But mere apprehension or fear on the part of the person seeking the relief that action may be brought against him in the future will not warrant injunction; nor will equity entertain jurisdiction upon the ground that another court of competent jurisdiction may decide improperly. Furthermore, injunction should never be granted, except in a clear case of irreparable injury, with the full conviction on the part of the court of its urgent necessity. High on Injunction, 81, § 64, vol. 1, and page 36, § 22, same volume; 14 R. C. L. 354, § 57, and notes; Crawford v. Bradford, 23 Fla. 404, 2 South. 782.

I do not think that the pleadings and proof in the instant case meet the proper requirements. Moreover, it is shown that the state circuit court upheld the act under challenge in the state court, and the decisions of the Supreme Court of Florida in Lainhart v. Catts, 73 Fla. 735, 75 South. 47; Hunter v. Owens, 80 Fla. 812, 86 South. 839, and

---

[1] Italics supplied.

the opinion in Columbia Inv. Co. v. Long Branch and Lakeside Sp. R. & B. Dist. (D. C.) 281 Fed. 342, are persuasive that the Supreme Court of Florida will uphold the act under which the bonds were issued in this case. I had occasion to consider the Lainhart and the Hunter 'Cases in St. P. T. & S. Bank v. Am. Clearing Co., 291 Fed. 212, 223. Inasmuch as injunction is denied, it is unnecessary now to consider the rights of the contractor, W. T. Hadlaw Company, in the fund derived from the sale of the bonds, which it is asserted in the answer of the commissioners are superior to the claims of the bondholders.

[5] On the hearing of this application for injunction one T. W. Wills, a taxpayer in the bridge district, appeared by his attorneys and asked leave to file a petition to intervene for the purpose of making a motion to dismiss the bill. In my opinion the taxpayer does not present a case for intervention. Rule 37, found on page 201 of Hopkins' New Federal Equity Rules, does not, it seems to me, provide that a taxpayer may intervene in this case as presented by the plaintiffs and defendants in the bill and answer. The general law covering the case of a taxpayer who seeks to intervene is discussed in Seligman v. City of Santa Rosa (C. C.) 81 Fed. 524, 526. This subject is also treated in McQuillin on Municipal Corporations, vol. 5, § 2583.

It does not seem necessary to now pass upon the several other questions presented on this hearing for injunction.

Order entered, denying intervention and injunction.