## PITTSBURGH & W. V. RY. CO. v. INTERSTATE COMMERCE COMMISSION.

(Court of Appeals of District of Columbia. Submitted April 3, 1922. Decided May 1, 1922.)

No. 3709.

1. Injunction ⊜⇒28—Liability for costs does not authorize injunction to restrain Interstate Commerce Commission from proceeding with hearing before it.

The fact that the Interstate Commerce Commission has no authority to award costs, and that a party to a proceeding before the Commission under an unconstitutional statute would be liable for its costs, does not establish irreparable injury, entitling such party to restrain the proceedings.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Injunction ⟨⟩28—Possibility of multiplicity of suits does not make statutory remedy against Commission's action inadequate.**

The possibility that numerous proceedings may be instituted before the Interstate Commerce Commission under Transportation Act 1920, § 206f, does not make the statutory remedy by proceeding in court for the enforcement of the award, or to have the award set aside as inadequate, so as to authorize an injunction against such proceedings if the statute is unconstitutional, since a decision of that question could be obtained by a resort to the statutory remedy in a test case almost as speedily as through the injunction proceedings.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Pittsburgh & West Virginia Railway Company against the Interstate Commerce Commission. From a decree dismissing the bill, complainant appeals. Affirmed.

F. M. Swacker, of Washington, D. C., and Marion B. Pierce, of New York City, for appellant.

P. J. Farrell, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District dismissing appellant's bill to restrain the Interstate Commerce Commission, appellee here, from proceeding to a hearing and determination of a complaint filed with the Commission on February 24, 1921, by the Wayne Coal Company against appellant railway company, seeking an award of reparation for damages growing out of alleged preferential treatment in the matter of car supply during the period from October 1, 1917, to December 31, 1917.

It is the contention of appellant that section 206f of the Transportation Act of 1920 (41 Stat. 462) is unconstitutional in so far, at least, as it attempts to revive reparation claims with the Commission which were more than two years old prior to its enactment. That section reads as follows:

"The period of federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to federal control."

Appellant's position is that the provision in section 16 of the Act to Regulate Commerce (Comp. St. § 8584), that such complaints shall be filed within two years from the time the cause of action accrues and not after, is a condition of the liability and of the right of action, rather than a mere statute of limitations.

[1, 2] Under our view of the case it is unnecessary to inquire into the validity of the provision of the act of 1920 challenged by appellant, for appellant concedes that, under the Interstate Commerce Act, a complainant obtaining an award of damages must proceed in a court for the enforcement of that award, or a carrier must resort to a court to have the award set aside. Counsel say that "there is, therefore, of course, a legal remedy respecting an erroneous final award of the Commission," but contend, first, that because the Commission has no authority to award costs, and, second, because the Commission may take jurisdiction of many other similar cases, the remedy provided by statute is inadequate. But no case has been cited, nor have we knowledge

of any, in which a court has assumed jurisdiction in similar circumstances out of consideration merely of the element of costs. In other words, we know of no case in which liability to costs has been deemed an irreparable injury. And as to the possible multiplicity of suits, it is apparent that a decision in a test case could be obtained by a resort to the remedy admittedly provided by statute almost as speedily as through this extraordinary remedy.

We are of the view, therefore, that appellant should be remitted to its statutory remedy, and hence that the decree must be affirmed, with costs.

Affirmed.