**PARAMINO LUMBER CO. et al. v.
MARSHALL, Deputy Com'r, et al.**

No. 1147.

District Court, W. D. Washington, N. D.

Feb. 19, 1937.

Supplemental Opinion March 22, 1937.

Bogle, Bogle & Gates and Stanley B. Long, all of Seattle, Wash., for complainants.

J. Charles Dennis, U. S. Dist. Atty., and F. A. Pellegrini, Asst. U. S. Dist. Atty., both of Seattle, Wash., for defendant Wm. A. Marshall.

Oscar A. Zabel, of Seattle, Wash., for intervening defendant John T. Clark.

·Grosscup, Morrow & Ambler, of Seattle, Wash., amicus curiæ.

BOWEN, District Judge.

Action in equity by complainants employer and insurance carrier to enjoin further proceedings, subsequent to unreviewed final order of August 26, 1931, upon the claim of John T. Clark, employee, before the Deputy Commissioner under Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Claimant Clark, by answer, alleges his right to so further proceed by virtue of Private Act April 10, 1936, No. 445, c. 198, 74th Congress (H.R. 4439), 49 Stat. 2244, in effect dispensing as to him with the previously existing time limit for reviewing or changing compensation awards. Complainants move under Equity Rule 33, 28 U.S.C.A. following section 723 to strike all reference in claimant's answer to Private Act No. 445 because of its unconstitutionality.

That motion cannot be determined unless the court has jurisdiction and authority to proceed in the cause. Pursuant to stipulation of all parties, including claimant Clark, a preliminary injunction "pending the final decision of the court" was entered as prayed for, and all parties now consent to jurisdiction, but, notwithstanding such consent, if jurisdiction does not exist, this court must of its own motion discover the lack of it and act accordingly. Reid v. U. S., 211 U.S. 529, 29 S.Ct. 171, 53 L.Ed. 313; Lane v. Union Term. Co. (D.C.) 12 F.Supp. 204; Kelley v. U. S. (D. C.) 59 F.(2d) 743; In re American Bond & Mortgage Co. (C.C.A.) 61 F.(2d) 875; Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338; Electro Therapy Products Corp. v. Strong, 84 F.(2d) 766 (C.C. A.9).

There being neither jurisdictional amount shown as required when a federal question is involved [28 U.S.C.A. § 41 (1); Holt v. Indiana Mfg. Co., 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed 374; Delpit v U. S. Ship. Board E. F. Corp. (C.C.A.) 19 F.(2d) 60], nor a showing of denial of civil rights under the jurisdictional provisions of 28 U.S. C.A. § 41 (14); (Holt v. Indiana Mfg. Co., supra; Lawless v. Duval County [D.C.] 6 F.Supp. 303), and no other ground of federal jurisdiction being here invoked, the jurisdiction of this court as a federal court does not exist. Inapplicable, therefore, is the rule of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166, and similar cases, holding that objection to the propriety of the action of the court as a court of equity may be waived by consent of the parties if the jurisdiction of the court as a federal court exists.

Although the foregoing requires dismissal and disposes of the matter upon the present record, it might be helpful for the court to anticipate possible amendment and consider, which the court now does, the further question of whether the bill and record now disclose facts sufficient for the injunctive relief here sought.

The bill alleges that claimant Clark was injured while engaged as a longshoreman in the employer's service on the Steamship Dorothy Wintermute lying in navigable harbor waters of Seattle; that thereafter upon claimant's application for compensation under the act a hearing was had before the Deputy Commissioner, resulting in the compensation award of August 26, 1931; that no proceedings were had to review, suspend or set aside that award and it therefore became final according to the act; that thereafter the Deputy Commissioner' upon claimant's application ordered a further hearing on claimant's

claim for July 7, 1936, and issued notice thereof, but that the Deputy Commissioner is without jurisdiction or authority to take any such further proceedings; that the Deputy Commissioner intends to proceed and such hearing will be held unless he is forthwith enjoined; and that without such injunction complainants will be irreparably damaged in the following particulars:

" * * *

"(1) That complainants will be required to attend and participate in said hearing, and will be required to call at large expense numerous lay and expert medical witnesses; and

"(2) That if said Deputy Commissioner issues and files a further compensation order and award, awarding said claimant compensation, claimants will be required to make payment of said compensation in accordance with the terms of said award, and by reason of the fact that said claimant, John T. Clark, is wholly insolvent and without funds, complainants will be unable to recover back said payment so made, during the pendency of any proceedings seeking to review, set aside or suspend said order, and will be thereby irreparably damaged and injured, even though said complainants may be ultimately successful in their proceedings to review, suspend or set aside said order.

" * * * and that complainants will thereby lose the benefits of any favorable decision therein. * * * "

The motion to strike expressly raises the issue of unconstitutionality of the amending statute authorizing the contemplated further proceedings.

■ No equity jurisdiction to proceed for injunctive relief appears except that dependent upon alleged irreparable injury consisting of prospective costs, insolvency of claimant, and unconstitutionality of the statute pursuant to which notice of further proceedings has been given by the Deputy Commissioner (who, however, has not yet made any finding, award or order on the merits of the further proceedings). Such alleged irreparable damages have been by the following authorities held not sufficient to make out a case of equity jurisdiction for the injunctive relief prayed for.

In the case of Pittsburgh & W. V. Ry. Co. v. Interstate Commerce Commission, 52 App.D.C. 40, 280 F. 1014, at page 1015, the court said: "Counsel say that 'there is, therefore, of course, a legal remedy respecting an erroneous final award of the Commission,' but contend, first, that because the Commission has no authority to award costs, and, second, because the Commission may take jurisdiction of many other similar cases, the remedy provided by statute is inadequate. But no case has been cited, nor have we knowledge of any, in which a court has assumed jurisdiction in similar circumstances out of consideration merely of the element of costs. In other words, we know of no case in which liability to costs has been deemed an irreparable injury." See, also, Associated Press v. Herrick (D.C.) 13 F.Supp. 897, and U. S. v. Ill. Cent. R. R. Co., 244 U.S. 82, 86–89, 37 S.Ct. 584, 61 L.Ed. 1007.

And in Germain v. Wilgus, 67 F. 597 (C.C.A.9) the court held that a bill to enjoin an action at law cannot be sustained where the only grounds are that complainant will be put to great expense for attorney's fees and other costs and expenses, and that defendant will be unable to pay the same, and at page 601 of 67 F. said: "The most usual ground presented * * * for an injunction to enjoin an action at law, is some equitable right which cannot be made available at law. If no such right is presented,—and we find none in this bill,—the parties should be allowed to proceed in the action at law." See, also, Northwestern Stevedoring Co. v. Marshall, 41 F.(2d) 28 (C.C.A.9), and Continental Casualty Co. v. Lawson (D.C.) 2 F.Supp. 459 (reversed only upon another ground (C.C.A.) 64 F.(2d) 802).

In Cruickshank v. Bidwell, 176 U.S. 73, at page 80, 20 S.Ct. 280, 283, 44 L.Ed. 377, the court said: "It is settled that the mere fact that a law is unconstitutional does not entitle a party to relief by injunction against proceedings in compliance therewith, but it must appear that he has no adequate remedy by the ordinary processes of the law, or that the case falls under some recognized head of equity jurisdiction." See, also, Associated Press v. Herrick (D.C.) 13 F.Supp. 897, at page 899.

■ It is not alleged and cannot now be assumed that the Deputy Commissioner, in any proceeding before him, will find any fact, or make any conclusion or award, or that further action of the Deputy Commissioner if and when taken could not be reviewed according to the general provisions of the act, to the prejudice of complainants. The act (33 U.S.C.A. § 921)

648

does provide for judicial review of awards, and nowhere does 'it appear that the instant constitutional question could not be raised before the Compensation Commission or its Deputy Commissioner. Unconstitutionality without resulting damage to him who asserts it is an unavailing argument. In re 620 Church St. Corp., 299 U.S. 24, 27, 57 S.Ct. 88, 81 L.Ed. ——. No court should hold a law unconstitutional or enjoin proceedings before another lawful tribunal unless by compelling issues of sufficient fact or law it is required so to do. Tennessee Pub. Co. v. Amer. Bank, 299 U.S. 18, 57 S.Ct. 85, 81 L.Ed. ——; Bonifaci v. Thompson (D.C.) 252 F. 878 (Neterer, J.); Angelus v. Sullivan (C.C.A.) 246 F. 54, 66. No such issues are presented here.

Whether for jurisdiction of this court as a federal court or for the relief sought of this court as a court of equity, the bill of complaint fails to state and the record fails to disclose sufficient facts.

The motion to strike will be denied, the injunctive orders heretofore entered will be vacated, and unless complainants amend their bill within five days from this date this action will be dismissed. Order may be settled upon notice or stipulation.

## Supplemental Opinion.

Since the filing herein of the court's memorandum decision of February 19, 1937, by this reference made a part of this supplemental decision, complainants have filed their amended bill of complaint wherein they set up, as an additional ground of federal court jurisdiction, diversity of citizenship and jurisdictional amount, but the allegation as to jurisdictional amount, positively stated at one place, is further explained elsewhere in the amended complaint in substance as follows:

That upon information and belief the Deputy Commissioner intends to and will, unless forthwith restrained, wrongfully issue a compensation award in favor of claimant Clark for further compensation at the rate of $11.54 per week for the period from July 5, 1931, to the date of hearing, which will require the complainants to make an immediate initial payment in excess of $3,500 and a payment of $11.54 per week thereafter until the full sum of $7,-500 is paid by complainants to claimant Clark. This same jurisdictional amount feature is in the amended complaint also added to the allegation of the original complaint that a federal question is involved.

The amended complaint contains some further new allegations not contained in the original complaint, but the questions raised by them were fully presented to and considered by the court in connection with its decision of February 19, 1937.

The defendant Deputy Commissioner and claimant Clark have moved to dismiss the amended complaint because of insufficient facts to constitute a cause of action for the relief sought.

It is necessary now to decide whether or not the allegation upon information and belief that the jurisdictional amount exists is sufficient. On that question, complainants cite Helmet Co. v. Wm. Wrigley, Jr. Co. (C.C.A.) 245 F. 824, where in an unfair trade competition case the facts alleged upon information and belief were peculiarly within the knowledge of defendant and were voluntarily answered by him, and Murray Co. v. Continental Gin Co. (C.C.) 126 F. 533, where in a patent infringement case such alleged facts were not necessarily within the knowledge of complainant. But the statute (28 U.S.C.A. § 41 (7) expressly exempts from the jurisdictional amount requirement all suits under the trade-mark and patent laws. It is not clear whether the Helmet Case was so exempted, but the Murray Case must have been. Also those cases do not involve allegations on information and belief as to what a lawful tribunal will in the future do in a proceeding within its jurisdiction.

In the case at bar it is difficult to imagine how the pleader can be certainly informed or believe before the award is made what award the Commissioner will make upon disputed questions of fact and law, it being necessarily inferred that such a dispute exists here by reason of the fact that the employee is proceeding for and the employer is resisting an additional award. What the Deputy Commissioner in this instance, or any honest tribunal in any case, will find or award upon disputed evidence and conflicting contentions of law to be later presented cannot be certainly known in advance, and any information or belief concerning such a future finding or award must of necessity be most speculative and conjectural. If in this case any award is made at all it may possibly be in some amount less than the necessary jurisdictional amount, and if the Deputy Commissioner applies the law or finds the facts in accordance with complainants' contention, no additional compen-

sation award will be made against complainants, and for that reason they may never be damaged by any such award. The Deputy Commissioner is a quasi judicial officer having certain recognized jurisdictional and discretionary powers (33 U.S.C.A. § 919), and being such, it is presumed he will attempt to do only his legal duty. Bradley Lumber Co. v. National Labor Relations Board (C.C.A.) 84 F.(2d) 97.

In Dupree v. Leggette (C.C.) 140 F. 776, where the necessary jurisdictional amount was alleged upon information and belief by stating that "complainants are informed and believe that the whole of said lands * * * are worth $12,000, and the amount demanded by them herein is more than $2,000," the court, considering also conflicting proof by deposition, held that the allegation was argumentative, leaving the court to make a calculation, and did not meet the statutory requirement fixing the necessary jurisdictional amount. That case, like those cited by complainants, does not involve future acts of a quasi judicial tribunal, as here, but its ruling seems more applicable to the situation here.

■ This court is of the opinion that in this case the particular "information and belief" allegations of the necessary jurisdictional amount, depending for their truth and certainty upon what another lawful tribunal may later do upon conflicting questions of fact and law, are not a sufficient compliance with the statute requiring that the amount or value of the matter in controversy be in excess of $3,000, and that for that reason the jurisdiction of this court as a federal court, upon the grounds of diversity of citizenship and a federal question, has not been made to sufficiently appear.

■ Although in one place in the amended complaint it is positively stated that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, that allegation is, within the meaning of KVOS, Inc. v. Associated Press, 299 U.S. 269, at page 277, 57 S.Ct. 197, 200, 81 L.Ed. ——, qualified and detracted

from by the above-mentioned further allegations upon information and belief (with their effect understood as stated above), so that "when all are considered together it cannot fairly be said that jurisdiction appears on the face of the complaint." The other grounds of asserted federal court jurisdiction realleged in the amended complaint have been disposed of in the court's previous decision.

There remains the further question whether, if the court does have federal court jurisdiction, the facts alleged are sufficient to justify the injunctive relief sought. On that question the amended complaint does not materially supplement the original complaint and facts submitted and considered therewith. The court is of the opinion that the facts now appearing are still insufficient for that purpose, not only because of the reasons and law stated in the decision of February 19th, but also because of the additional reason that the future acts of another lawful tribunal within its jurisdiction and discretion sought to be enjoined are now alleged only upon information and belief. But irrespective of the "information and belief" aspect of the case, the court's conclusion is strongly supported by the following among other additional authorities: High on Injunctions (4th Ed.) § 1311; Ruff v. Fisher, 115 Fla. 247, 155 So. 642; Ladd v. Ramsby, 10 Or. 207; McChord v. L. & N. R. R. Co., 183 U.S. 483, 22 S.Ct. 165, 46 L.Ed. 289; U. S. ex rel. American Gas-Accumulator Co. v. Coe, 66 App.D.C. 21, 84 F.(2d) 398; Heller Bros. Co. v. Lind, 66 App.D.C. 306, 86 F.(2d) 862; Farmers' State Bank v. Board of Com'rs (D.C.) 295 F. 755; American Coal Mining Co. v. Special Coal, etc., Comm. (D.C.) 268 F. 563; Lawson v. Aetna Ins. Co. (C.C.A) 41 F.(2d) 316; Rico v. Snider (C.C.) 134 F. 953; New Orleans v. Paine, 147 U.S. 261, 13 S.Ct. 303, 37 L. Ed. 162; DuPont De Nemours & Co. v. Boland (C.C.A.) 85 F.(2d) 12.

Let an order be presented vacating the restraining orders, denying injunctive relief, and dismissing the action.