**ALLIED POULTRY PROCESSORS COMPANY, a corporation of the State of Delaware, Plaintiff,**

v.

**David POLIN and Howard Polin, Defendants.**

Civ. A. 1693.

United States District Court
D. Delaware.

June 14, 1955.

James M. Tunnell, Jr. (of Tunnell & Tunnell), Georgetown, Del., for plaintiff.

William Prickett, Wilmington, Del., for defendants.

RODNEY, District Judge.

This matter involves priority of discovery process under various Rules of Civil Procedure, but presents, for prior disposition, the issue of jurisdiction when such jurisdiction is duly alleged in the complaint and specifically denied in the answer.

The complaint filed March 31, 1955 alleges a jurisdictional amount and is based on diversity of citizenship. It alleges that the defendants, occupying positions of trust and confidence in the plaintiff company, were guilty of breaches of trust and misappropriation of funds to the detriment of the plaintiff company; and the complaint seeks an accounting. The complaint alleged an insufficiency of present information and the necessity of invoking discovery process of the Court. No application was then made under Rule 26(a) F.R.C.P., 28 U.S.C., for the taking of a deposition within 20 days from the commencement of the action. On April 21 the defendants filed their answer. With this answer there were filed some 15 interrogatories, with various subdivisions, requiring specific answers as to all the information the plaintiff has as to all or many of the dealings between the parties as mentioned in the complaint. Before the time for filing answers to the interrogatories, the plaintiff noticed the taking of depositions of the defendants and thus the matter rests, each side insisting upon the priority of discovery process.

The complaint alleges a jurisdictional amount and the jurisdiction is based upon an alleged diversity of citizenship. The jurisdiction of the Court is specifically denied by the answer.

There can be little question but that when the jurisdiction of the Court is challenged or denied, it is the duty of the Court, on application of a party or on its own motion, to determine the question of jurisdiction before proceeding with other aspects of the case. If the Court has no jurisdiction, it can take no further action and, in this case, if the Court has no ju-

risdiction, it should not assume to determine the priority of discovery process. The cases are almost uniform upon the questions.[1]

In this case not only are the jurisdictional facts directly challenged but, by the answer, are specifically denied.

■ There is no exact method prescribed to determine, at this stage, the question of jurisdiction. Questions concerning the necessity of inquiry as to jurisdiction of the Court and the methods of determination thereof are fully discussed in Smith v. Sperling, D.C., 117 F. Supp. 781.

Unless the parties, within fifteen days of this opinion, shall agree upon and submit for the consideration of the Court some method of procedure or by appropriate pleading resolve the question of jurisdiction, the Court may, by forming a special issue or otherwise, set up the process by which the question of jurisdiction may be determined.

1. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135; KVOS, Inc., v. Associated Press, 299 U.S. 269, 277, 57 S.Ct. 197, 81 L.Ed. 183; Giesecke v. Denver Tramway Corp., D.C., 81 F.Supp. 957; Odlivak v. Elliott, D.C., 82 F.Supp. 607; Paramino Lumber Co. v. Marshall, D.C., 18 F.Supp. 645; Page v. Wright, 7 Cir., 116 F.2d 449, 453; Cyc. of Fed. Procedure, Vol. 1, Sec. 145 et seq.