## I. T. S. RUBBER CO. v. ESSEX RUBBER CO.

(Circuit Court of Appeals, First Circuit.   June 7, 1922.)

No. 1505.

1. **Patents ⊙⟝328—Reissue 14,049, claims 5–9, for rubber heel lift, construed so as to require hearing to determine infringement.**

The Tufford reissue patent, No. 14,049, claims 5–9, for a rubber heel lift, *held* not limited to a lift which, when inverted, would rest only on the rear edge and the two forward corners, but to include a lift in which the top outer edge was all in one plane, and, so construed, to require a hearing of evidence to determine whether it is infringed by defendant's heels, so that a dismissal of the bill on motion must be reversed.

2. **Equity ⊙⟝142—Averment of information and belief as to fact is not averment of fact.**

An averment in a bill of complaint that plaintiff is informed and believes that defendant undertook the defense of a prior suit, so as to be bound by the decree therein, is not an allegation of the fact, based on information and belief, but merely an allegation of such information and belief, which is insufficient to tender an issue.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit in equity for infringement of patent by the I. T. S. Rubber Company against the Essex Rubber Company. Bill dismissed on motion (270 Fed. 593), and plaintiff appeals. Reversed and remanded for further proceedings.

See, also, 276 Fed. 478.

Charles A. Brown, of Chicago, Ill., and F. O. Richey, of Cleveland, Ohio (F. A. Tannant, of Boston, Mass., on the brief), for appellant.

Lucius E. Varney, of New York City (Emery, Booth, Janney & Varney, of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for Massachusetts in an equity suit charging infringement of reissued letters patent No. 14,049, applied for June 22, 1915, and issued January 11, 1916, to the I. T. S. Rubber Company, assignee, through mesne assignments from John G. Tufford.

The invention is for an improvement in resilient heels, and particularly in cushion heels of the type comprising an elastic lift, adapted to be applied to the ordinary shoe heel.

---

⊙⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

After motion by the defendant for particulars, a stipulation was filed in which it was agreed that certain attached heels (Plaintiff's Exhibits 1 and 2, Defendant's Heels, Series A and B) were sold by the defendant in the District of Massachusetts between January 11, 1916, the date of the letters patent in suit, and the date when the complaint in the cause was filed, and that the acts of infringement relied on by the plaintiff were based on sales made by the defendant of heel lifts the same as the heel lifts which formed Plaintiff's Exhibits Nos. 1 and 2, Defendant's Heels, Series A and B, or other heels exactly like them, except as to size and color, and that the advertisements appearing upon pages 29 and 30 of the record were issued and published under the authority of the defendant, on or about the dates of their publication, April 1, 1918, and July, 1920. The defendant thereupon moved to dismiss the complaint, on the ground that it appeared from the record thus made that there was no infringement.

The case was treated in the court below as though the plaintiff had set up in its bill that the defendant had been guilty of infringement by selling the attached heels, and the defendant had demurred to the bill on the ground that it appeared therefrom that the alleged infringing structures were not infringements, and a decree dismissing the bill for this reason was entered, from which this appeal is taken.

The questions presented by the assignments of error, and here argued, are that the court erred (1) in holding that the claims in issue were not infringed; and (2) in holding that the defendant was not estopped from denying infringement, due to certain allegations in the bill of complaint, in which the plaintiff claimed that the defendant had participated in certain suits in the Sixth Circuit, brought by the plaintiff against dealers to whom the defendant had sold heels exactly like Plaintiff's Exhibit No. 1, Defendant's Heels, in which decrees pro confesso had been entered.

The theory upon which the court below proceeded in dealing with the case was that it was its duty to grant the motion to dismiss, unless it appeared that the heels in question were or could be found to be an infringement of the plaintiff's patent, but that, if expert testimony or other extraneous evidence was needed "to assist in the construction of the patent, or to determine whether the defendant's products infringe, the case must stand for hearing."

For the purpose of determining the questions raised by the motion, the defendant concedes that the patent is valid, and that there is nothing in the prior art, except as stated in the patent itself, and nothing in the file wrapper, which should limit the plain terms of the patent.

The claims in issue read as follows:

"5. A heel lift of substantially nonmetallic resilient material, having its body portion of concavo-convex form on every line of cross section, the concave upper face lying entirely below a plane passing through the rear upper edge and the breast corners of the lift.

"6. A heel lift of substantially resilient material, having its body portion of concavo-convex form on every line of cross section, the concave upper face lying entirely below a plane passing through the rear upper edge and the breast corners of the lift, said lift being provided with nail-receiving openings located near the center thereof.

"7. A heel lift of substantially resilient material, comprising a body portion, the attaching face of which is concave and the tread face of which is convex on every line of cross section, and normally held in such form by its own inherent resiliency, the concave attaching face lying entirely below a plane passing through the rear upper edge and the breast corners of the lift, whereby to cause the entire margin of said lift to exert a uniform pressure on the heel of a shoe, when said lift is positioned on the heel and the convex tread face thereof depressed to flatten said lift.

"8. A heel lift of resilient material, comprising a body portion of uniform thickness throughout its entire area and of concavo-convex form on every line of cross section, the concave upper face of the lift lying entirely below a plane passing through the upper edge and the breast corners of said lift.

"9. A heel lift of resilient material, comprising a body portion, the attaching face of which is concave and the tread face of which is convex, the concave face of the lift being unbroken and lying entirely below a plane passing through the rear upper edge and the breast corners of the lift, whereby, when the convex tread face is depressed to flatten said lift, a suction will be created between the lift and the heel to hold the attaching face of the lift throughout its entire extent in contact with the exposed face of the heel."

[1] All of these claims were regarded by the court below as referring to the concave face of the lift as "lying entirely below a plane passing through the rear upper edge and the breast corners of the lift," and, construing the claims with reference to the specification and drawings, it reached the conclusion that "this shape-defining language concerning the concave upper face 'lying entirely below a plane passing through the rear upper edge and breast corners' [was] of the very essence of the invention," and that, "so far as these claims in suit [were] concerned, no heel having along the sides and rear a straight edge—all in one plane—can be held an infringement of the plaintiff's patent"; that inasmuch as the defendant's heel was a straight edge heel, except between the two breast corners, it did not infringe the claims in issue, as they called for a heel of concavo-convex shape, "which when laid down upon a plane surface touches only at the rear and the two breast corners"; and that expert testimony or other extraneous evidence was not needed "in order to understand the language of the patent."

An examination of the above claims discloses that the court below was mistaken when it said that "in every one of these five claims the upper face is referred to as 'lying entirely below a plane passing through the rear upper edge and the breast corners of the lift.'" The statement is true as to the fifth, sixth, seventh, and ninth claims, but in the eighth claim the language is, "the concave upper face of the lift lying entirely below a plane passing through the *upper edge* and the breast corners of said lift"—plainly showing that the patentee contemplated a heel the upper edge and the breast corners of which lay in the same plane. In this claim he does not use the phrase "the rear upper edge" that appears in the other four claims, and the omission of the word "rear" manifests a purpose not to limit claim 8 to a heel having the concave upper face lying below a plane passing through only the *rear* upper edge and breast corners of the lift.

Then again the court below, in construing the claims in issue, laid special stress upon the word "entirely," as used in the phrase "the concave upper face lying entirely below a plane passing through the rear

upper edge and breast corners of the lift." His reasoning was that, as an edge is a line where two surfaces meet, the upper edges of the lift must be a part of the concave upper face, and that, as the concave upper face is described as lying entirely below a plane passing through the three points, the line or edge of the concave face must fall below the plane. But it seems to us that such is not the meaning of the language, for otherwise the rear upper edge and breast corners, through which (according to claims 5, 6, 7, and 9) the plane passes, would be below the plane, a clear contradiction of the language of these claims; and in claim 8, where the term "upper edge," and not "rear upper edge," is used, and in which the concave upper face is described as "lying entirely below a plane passing through the upper edge and breast corners of the lift," it seems apparent that the patentee did not mean to convey the idea that the upper edge was a part of the "concave upper face" which is described as "lying entirely below a plane passing through the upper edge and breast corners."

The question of infringement with reference to claim 8 cannot be determined on the basis of comparison indulged in by the court below, for this claim cannot reasonably be construed as limited by its language to a concavo-convex heel, which, when laid upon a plane surface, touches only at the rear edge of the two breast corners.

It is conceded that claim 8 is valid, and that the defendant's alleged infringing heel is of a concavo-convex form on every line of cross section, whose concave upper face lies entirely below a plane passing through the upper edge and breast corners of the lift. This being so, the only thing left open on the question of the infringement of claim 8 is whether the body portion of defendant's heel is of a "uniform thickness throughout its entire area." An inspection of the defendant's heel shows that its body portion is not of a uniform thickness throughout its entire area, but it appears to be substantially so, and, if it performs the functions of a heel constructed in compliance with claim 8, we fail to see wherein it should not be held to infringe.

Was the court below right in construing the fifth, sixth, seventh, and ninth claims as limited to a concavo-convex heel, which, when placed upon a plane surface, touches only at the rear edge and the breast corners, or, in other words, one in which "the rear upper edge and breast corners of said concave attaching face are disposed in a plane above the upper side edges and the breast edges of the lift"?

The fundamental conception of plaintiff's patent as to form is one "molded or cut so as to be of a concavo-convex form on any line of cross section," and its principal object or function when so formed is (according to the language of the specification) "that when the lift is subjected to pressure any tendency for the edge portions of the lift to crowd beyond the sides of the shoe heel will be counteracted, and there will be equally as great a tendency for the material of the lift to crowd or compress toward the center thereof." This means that the retroactive force inherent in the rubber will counteract any tendency of the edge portions of the lift to crowd beyond the sides of the shoe heel when the lift of the patent is subjected to pressure, and thus keep the side and breast edges of the lift in alignment with the side and

breast edges of the shoe heel and in close contact therewith. This description gives the general form of the lift, without defining the upper edges of its concave attaching face, either between the breast corners or around the outer edge of the lift, or requiring it to be spherical.

The specification also discloses a preferred form of heel, concavo-convex on every line of cross-section and possessing a like function or retroactive force. The specification says:

"It is preferable that the lift be of the same thickness throughout and that its marginal surface be at all points radial to the center of curvature of its concave side $3$ so that, when the lift is applied to the shoe heel and subjected to pressure, its said marginal surface will be coincident with the side of the shoe heel."

It is conceded by the plaintiff that the preferred form of lift called for by the language—"that its marginal surface be at all points radial to the center of curvature of its concave side $3$"—is spherical. The drawings of the specifications show a concavo-convex lift of spherical form, having a body of uniform thickness and its side and breast edges below a plane passing through its rear upper edge and breast corners. This is plainly shown in Figures 2 and 4 of the drawings. The specification further says:

"By references to Figs. 2 and 4 of the drawings, it will be seen that the concave upper face of the lift lies entirely below a plane passing through the rear upper edge and breast corners of the lift, whereby to cause the entire margin of said lift to exert a uniform pressure on the heel of a shoe, when the lift is positioned on the heel and the convex face thereof depressed to flatten said lift. In other words, owing to the curvature of the concave attaching face of the lift, the rear upper edge and breast corners of said concave attaching face are disposed in a plane above the upper side edges and the breast edges of the lift."

It seems to us that the language of claims 5, 6, 7, and 9 describes the preferred form disclosed in the specification and drawings, namely, the three-point contact form, having its side and breast edges, as well as its concave attaching face, located below a plane passing through the rear upper edge and breast corners of the concave face. But, as the patent is for an appliance, and not for a mere form, and when in operation or use functions in a given way, due to the elements embodied in its shape, we do not think the question of infringement is limited to a mere comparison of shapes or forms, independent of function. If it could be said that no other conclusion could be drawn from the allegations of the bill and the patented and alleged infringing heels than that a concavo-convex heel like the defendant's, having side edges, as well as a rear edge and breast corners, in the same plane, functions in a different way from the concavo-convex heel of these claims, having only its rear edge and breast corners in the same plane, the decision of the court below that the defendant's heel did not infringe would have been right. But, as we think this cannot be said to be the undoubted fact, we are of the opinion that the question of infringement cannot properly be determined without evidence. If it should appear that the raised side edges in the defendant's heel do not cause it to function in a different way from the plaintiff's, but simply cause its rear edge and

breast corners to function less perfectly (a matter of degree), we think it should be held to infringe.

As the defendant's heel may or may not infringe the claims in issue, depending upon whether or not it functions in the way or manner heels constructed in accordance with the requirements of the claims in issue function, and as this question cannot reasonably be determined on a mere inspection of the heels thus constructed, we think the case should be remanded for trial, unless the defendant is estopped to deny the question of infringement, due to the pro confesso decrees obtained against the dealers in the Sixth Circuit.

[2] As to the question of estoppel: In its bill of complaint the plaintiff does not specifically, or on information and belief, allege facts showing that the defendant assumed the control and undertook the defense of the suits brought in the Sixth Circuit against the dealers to whom it sold heels. It simply says that it is informed and believes that the defendant did so without averring the fact. Such an allegation tenders no issue material to the cause. The material question was and is whether the defendant assumed the control and undertook the defense of those suits, not what the plaintiff understood and believed the defendant did.

"There is a distinction in equity pleading between an averment of information and belief as to matter of fact and an averment of matter of fact on information and belief. The former averment is improper, an issue cannot legitimately be taken on the existence of such information and belief. The latter is proper, as it tenders issuable matter of fact." Murray Co. v. Continental Gin Co. (C. C.) 126 Fed. 533, 534; Helmet Co. v. Wm. Wrigley, Jr., Co., 245 Fed. 824, 826, 158 C. C. A. 164, and authorities there cited; 1 Whitehouse, Eq. Pr. § 105.

However this may be, we do not think the allegations of the bill as to this branch of the case are of such a definite character that, in the absence of proof of what actually occurred, we should hold that the defendant was concluded by the decrees in the Sixth Circuit and estopped to contest the question of infringement.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant.