## O. B. ANDREWS CO. v. PACKARD PAPER BOX CO. et al.
### No. 3812.

District Court, D. Massachusetts.
May 10, 1933.

Fish, Richardson & Neave and J. L. Stackpole, all of Boston, Mass., and Austin & Dix, of New York City, for plaintiff.

Harold E. Cole, of Boston, Mass., for defendants.

BREWSTER, District Judge.

The above-entitled cause is before me on plaintiff's motion for preliminary injunction and defendants' motions to dismiss the bill of complaint. The motions were heard upon affidavits filed by both plaintiff and defendants. The principal grounds upon which the court is urged to dismiss the bills of complaint are: First, that there is no infringement if the claims of the patent in suit are properly limited, and, second, that the plaintiff's patent is invalid for want of invention or anticipation.

It seems to be within the province of the court to dismiss a patent suit upon the pleadings and ex parte affidavits which clearly show noninfringement even where the court is called upon to construe and limit the claims of the patent. See Alemite Corporation v. Lubrair Corporation (C. C. A. First Circuit, January 3, 1933) 62 F.(2d) 899.

In the case at bar, assuming that the court could, without a hearing on the merits, limit the claims as the defendants argue they should be limited, there still would be, in my opinion, very serious doubts whether the defendants can escape the charge of infringement. Moreover, I fail to see how they could be limited without an inquiry into the prior art and the records of the patent office.

Whether the patent was invalid by reason of anticipation or want of invention are questions which cannot be properly determined until final hearing. Deitel v. La Minuette Trading Co. (C. C. A.) 37 F.(2d) 41; I. T. S. Rubber Co. v. Essex Rubber Co. (C. C. A.) 281 F. 5.

The prior patents cited by the defendants are inadequate to establish anticipation of the invention covered by the patent in suit.

I therefore overrule the defendants' motions to dismiss.

As to the plaintiff's motion for preliminary injunction, the facts disclosed by the affidavits would seem to warrant the exercise by this court of its power to grant injunctive relief, especially since an injunction will not work any serious hardship to the defendants. It was represented that the manufacturing of the alleged infringing article constituted only a very small percentage of the business of the corporate defendant.

Therefore, a temporary injunction may issue as prayed for by the plaintiff.