# UNITED STATES EX REL. LINCOLN HIGHWAY ASSOCIATION *v.* EWING.

---

MANDAMUS; LABEL; REGISTRATION.

A decision by the Commissioner of Patents that a highway is not an
article of manufacture for which a label may be registered under sec.
3 of the act of Congress of June 18, 1874 (18 Stat. at L. 79, chap.
301), cannot, even though erroneous, be reviewed by mandamus.
(Citing *Allen* v. *United States,* 22 App. D. C. 271.)

No. 2717.   Submitted November 2, 1914.   Decided December 7, 1914.

HEARING on an appeal by the relator from a decree of the Su-
preme Court of the District of Columbia denying relator's
petition for a writ of mandamus to compel the Commissioner
of Patents to register a label for highways.      *Affirmed.*

The Court in the opinion stated the facts as follows:

This appeal is from a decision of the supreme court of the District of Columbia denying relator's petition for a writ of mandamus to compel the Commissioner of Patents to register a label.

The label consists of a strip divided into three parts, colored, respectively, red, white, and blue, the white portion containing the inscription "Lincoln Highway" and the letter "L." Registration is sought under section 3 of the act of Congress of June 18, 1874 (18 Stat. at L. 79, chap. 301), which provides as follows: "That in the construction of this act, the words, 'engraving,' 'cut,' and 'print' shall be applied only to pictorial illustrations or works connected with the fine arts, and no prints or labels designed to be used for any other articles of manufacture shall be entered under the copyright law, but may be registered in the Patent Office. And the Commissioner of Patents is hereby charged with the supervision and control of the entry or register of such prints or labels, in conformity with the regulations provided by law as to copyright of prints, except that there shall be paid for recording the title of any print or label not a trademark, $6, which shall cover the expense of furnishing a copy of the record under the seal of the Commissioner of Patents, to the party entering the same."

*Mr. John M. Coit,* for the appellant:

1. It was the Commissioner's ministerial duty to register the label. 19 Am. & Eng. Enc. Law, 739; *Marbury* v. *Madison,* 1 Cranch, 137, and *Butterworth* v. *United States,* 112 U. S. 50.

2. "If however, such judgment or discretion is abused and exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof." *Ex parte Virginia,* 100 U. S. 339; 19 Am. & Eng. Enc. Law, 737; *Roberts* v. *United States,* 176 U. S. 221; *School of Magnetic Healing* v. *McAnnulty,* 187 U. S. 94; *Ex parte Jordan,* 94

U. S. 248; *Ex parte Railroad Co.* 95 U. S. 211; 13 Enc. Pl. & Pr. 570.

3. A highway is an article of manufacture. *Higgins* v. *Keuffel,* 140 U. S. 428; *Elizabeth* v. *Pavement Co.* 97 U. S. 126; *Riter-Conley Mfg. Co.* v. *Aiken,* 203 Fed. 699; Curtis, Patents, § 5; *Hornblower* v. *Boulton,* 8 T. R. 98; *Kidd* v. *Pearson,* 128 U. S. 20, 32 L. ed. 346, 9 Sup. Ct. Rep. 10; *Tide Co.* v. *United States,* 171 U. S. 216, 43 L. ed. 139, 18 Sup. Ct. Rep. 839; *Com.* v. *Northern Co.* 145 Pa. 105, 14 L.R.A.107, 22 Atl. 839; *Com.* v. *Keystone Bridge Co.* 156 Pa. 503, 27 Atl. 2; *Re First Nat. Bank,* 152 Fed. 67, 81 C. C. A. 263, 11 Ann. Cas. 355; *International Mausoleum Co.* v. *Sievert,* 213 Fed. 225; *Crier* v. *Innes* (C. C. A. 2d C.) 95 C. C. A. 508, 170 Fed. 324; *Riter-Conley Mfg. Co.* v. *Aiken* (C. C. A. 3d C.) 121 C. C. A. 655, 203 Fed. 699 (205 Fed. 531); *Columbia Iron Works* v. *National Lead Co.* 64 L.R.A. 645, 62 C. C. A. 99, 127 Fed. 99; *Friday* v. *Hall etc. Co.* 216 U. S. 449, 54 L. ed. 562, 26 L.R.A.(N.S.) 475, 30 Sup. Ct. Rep. 261.

*Mr. R. F. Whitehead* for the Commissioner of Patents:

1. Registration of the label was properly refused. *Allen* v. *United States,* 105 Off. Gaz. 747, 22 App. D. C. 271.

2. Mandamus will not lie to control an executive officer of the government in discharging an official duty which requires the exercise of his judgment and discretion. *Butterworth* v. *Hoe,* 112 U. S. 50; *United States* v. *Black,* 128 U. S. 40; *Riverside Oil Co.* v. *Hitchcock,* 190 Off. Gaz. 316; *Roberts* v. *United States,* 176 U. S. 221; *American School of Magnetic Healing* v. *McAnnulty,* 187 U. S. 94.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Registration was refused on the ground that a highway is not an article of manufacture. The writ is sought on the ground that this ruling of the Commissioner was a clear abuse

of discretion. No appeal is provided from a decision of the Commissioner of Patents refusing to register a label. In *Allen* v. *United States,* 22 App. D. C. 271, this court held that the duties imposed upon the Commissioner of Patents under the act of 1874 are not merely ministerial, but call for a decision as to whether or not the thing presented is entitled to registration, or is, in fact, a label within the definition of the statute. In that case, the court refused to interfere with the decision of the Commissioner by writ of mandamus.

The contention of relator is, not that the Commissioner was without jurisdiction to act, or that he refused to act, or that the statute peremptorily required him to act in a certain manner, but that he erred in his decision. We are therefore called upon to substitute the writ of mandamus for a writ of error. This cannot be done. It may well be that the Commissioner erred in his opinion, but we are powerless in this proceeding to review his decision. The mere fact that he may have erred will not justify the issuance of the writ. "Whether he decided right or wrong is not the question. Having jurisdiction to decide at all, he had necessarily jurisdiction, and it was his duty to decide as he thought the law was, and the courts have no power whatever under those circumstances to review his determination by mandamus or injunction." *United States ex rel. Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 47 L. ed. 1047, 23 Sup. Ct. Rep. 698.

The judgment is affirmed with costs.          *Affirmed.*