# UNITED STATES EX REL. DWIGGINS *v.* EWING.

PATENTS; INTERFERENCE; COMMISSIONER OF PATENTS; APPEAL AND
ERROR; MANDAMUS.

1. It is within the jurisdiction of the Commissioner of Patents to order
   the dissolution of an interference and the rejection of the claims of
   one of the parties, if convinced that the issues are barred by public
   use, and therefore not patentable.

2. Where a right of appeal exists, mandamus cannot be substituted there-
   for; and therefore a petition for the writ of mandamus against the
   Commissioner of Patents to compel him to vacate certain orders in an
   interference proceeding, is properly dismissed, where it appears that
   as a result of such orders a decision of the primary examiner will be
   made rejecting the petitioner's claims, and that the petitioner will
   have an appeal from that decision, through the tribunals of the Patent
   Office, to this court. (Citing *Moore* v. *United States*, 40 App. D. C.
   591, s. c. 237 U. S. 197.)

No. 2751.  Submitted January 4, 1915.  Decided March 1, 1915.

HEARING on an appeal by the petitioner from a judgment of
the Supreme Court of the District of Columbia dismissing a
petition for the writ of mandamus against the Commissioner of
Patents.                                        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by the plaintiff below from a judgment of
the supreme court of the District of Columbia dismissing his
petition for a peremptory writ of mandamus to compel the Com-
missioner of Patents to set aside certain orders made in an in-
terference proceeding declared in the Patent Office, between
plaintiff's application for a patent for an improvement in means
for making wire fence, and an application for a patent on a
similar invention by applicants Reid, Reid, and Kelley.

On the evidence, the Examiner of Interferences awarded priority as to certain counts to plaintiff, and, as to the remaining counts, to Reid, Reid, and Kelley. At the same time, the examiner called the attention of the Commissioner of Patents to the probability of plaintiff's right to a patent being barred because of public use. It appearing, as shown by the order of the Commissioner, that a machine had been built, sold, and used in the years 1903 to 1909, embodying all the issues respecting which judgment had been rendered in plaintiff's favor, excepting count 15, and that it constituted a public use, it was held that he was not entitled to an award of priority, except as to count 15. The Commissioner then vacated the order of the examiner awarding priority to plaintiff, and directed that, if he should attempt to appeal from the decision of the Examiner of Interferences as to the claims awarded Reid, Reid, and Kelley, the appeal should be dismissed, and further advised that, if Reid, Reid, and Kelley did not appeal within the period allowed, the applications and the interference records should be remanded to the primary examiner for rejection of all claims embodied in the machine found to have been in public use. Plaintiff appealed to the Board of Examiners-in-Chief, and the board, in compliance with the order of the Commissioner, dismissed the appeal. But nothing further has been done in the Patent Office pending the termination of this proceeding.

*Mr. Charles W. Laporte, Mr. George T. Bean,* and *Mr. William S. Hodges* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It was well within the jurisdiction of the Commissioner to order a dissolution of the interference and the rejection of plaintiff's claims, if convinced that the issues were barred by public use, and therefore not patentable. From the decision of the primary examiner rejecting plaintiff's claims, when the case

goes back from the Board of Examiners-in-Chief, plaintiff would have an appeal through the tribunals of the Patent Office to this court, and, if it should ultimately be found that his claims are patentable, it would probably result in the declaration of another interference. Plaintiff therefore having a statutory right of appeal, mandamus cannot be substituted for the adequate remedy thus afforded. *Moore* v. *United States,* 40 App. D. C. 591.

The judgment is affirmed, with costs.          *Affirmed.*

A petition for rehearing was overruled March 13, 1915.