238

UNITED STATES ex rel. SOCIETE DE CONDENSATION ET D'APPLICATIONS MECANIQUES v. COE, Commissioner of Patents. *

No. 6874.

United States Court of Appeals for the District of Columbia.

Decided March 29, 1937.

Rehearing Denied June 2, 1937.

Philip Mauro and Reeve Lewis, both of Washington, D. C., for appellant.

R. F. Whitehead, Solicitor of Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the District Court of the United States for the District of Columbia dismissing appellant's petition for a writ of mandamus to compel 'the Commissioner of Patents to dismiss, or cause to be dismissed, an appeal to the Board of Appeals in interference No. 59,-444 between Paul Langevin, assignor to petitioner, and Alexander Nicolson.

*Writ of certiorari denied 58 S.Ct. 42, 82 L.Ed. —.

The Examiner of Interferences on July 20, 1935, awarded priority to Langevin. From that decision Nicolson on August 17, 1935, noted an appeal to the Board of Appeals. Patent Office Rule 162, as amended, prescribes the procedure on appeals to the Board of Appeals, and provides that printing of the record may be dispensed with, upon request, where the record does not exceed a certain number of pages; and "that where printing has thus been dispensed with, the appellant, if appeal is taken from the decision of the examiner of interferences, may file three clearly legible typewritten copies of the record, both of his own and the appellee, if the same have not been printed, and which shall not become a part of the record, within thirty days from the taking of the appeal. *If the copies of the record are not filed within the time specified or within any extension thereof granted by the board of appeals, the appeal shall be dismissed.*' (Italics ours.) Nicolson did not file the three copies of the record within the thirty day period (expiring September 16, 1935). On December 3d, following, the Board of Appeals in a communication to Nicolson and Langevin stated: "Counsel for the appellee (Langevin) has called our attention to the fact the appellant (Nicolson) has not filed in the Office the three typewritten copies of the record, both of his own and the appellee, required by the second paragraph of Rule 162 to be filed within thirty days from the date of the appeal. The appeal was taken on August 17, 1935. If such copies are not filed within ten days from the date of this letter, or sufficient cause shown why such action should not be taken, the appeal will be dismissed."

In response to the Board's communication of December 3d, Nicolson (on December 11th) filed three typewritten copies of the record. In his letter transmitting the copies, Nicolson stated that the delay "was entirely an inadvertent error resulting from the unfamiliarity of appellant's (Nicolson's) counsel with the procedure with respect to the use of typewritten records." Meantime, on December 9th, Langevin filed a motion to set aside the Board's action of December 3d and for an order dismissing Nicolson's appeal. Thereupon, in a further communication to Nicolson, the Board, in view of Langevin's opposition, required Nicolson to "make a verified showing in excuse for his delay." He was given until December 24th to file such "showing."

Langevin was given until December 31st to file any arguments he might care to advance against the sufficiency of Nicolson's showing. Action on Langevin's motion to set aside and dismiss was deferred until December 31st, or until Nicolson's showing and Langevin's response had been received.

The case came on to be heard before the Board, and on January 7, 1936, that tribunal in a written decision stated that the typewritten copies had been filed by Nicolson on December 11, 1935, within the extension granted on December 3d; that Langevin contended the rule is mandatory, and that the Board was without discretion and must dismiss the appeal. The Board continued: "The rule specifically states that these typewritten copies shall not become a part of the record. They are required merely for the benefit of the Board, but in themselves constitute no part either of the appeal or the permanent record. Had the rule required appellant [Nicolson] to furnish the appellee [Langevin] with these copies and appellee had waived this requirement, no reasonable interpretation of the rule would have required dismissal of the appeal merely because the wording of the rule had not been strictly complied with. Likewise it seems to us that since the copies form no part of the record, but are merely filed for the convenience of the Board, we have the authority to waive the requirement of the rule as to their filing, if we so desire. We did not, however, waive the requirement of the rule, but extended appellant's period in which to file the copies and they were filed within the extension granted by us. * * *"

Thereupon the supervisory authority of the Commissioner was invoked to the end that he require the appeal of Nicolson to be dismissed. The petition was denied. In his written decision the Commissioner said: "It is important to observe that the requirement for the filing of the three typewritten copies of the record by the appellant [Nicolson] is not only primarily but solely for the benefit of the three members of the Board of Appeals. These copies are not available to either the appellant or the appellee and neither, as the rule plainly states, do they become a part of the record. The observance of the rule by the appellant does not benefit the appellee and neither does its breach create any equitable or legal right in the appellee. Under these circumstances I do not feel that this office should resort to such a harsh and technical interpretation of a rule created for its own benefit as to disavow those equitable principles underlying the procedure and practice of the Patent Office."

It must be kept in mind that the Commissioner was interpreting one of his own rules, procedural in character. "Words like may, must, shall, and so forth, are constantly used in statutes without intending that they shall be taken literally, and in their construction the object evidently designed to be reached limits and controls the literal import of the terms and phrases employed." Fields v. United States, 27 App.D.C. 433, 440. In West Wisconsin Railway Co. v. Foley, 94 U.S. 100, 103, 24 L.Ed. 71, the court considered one of its own rules providing that where a writ of error shall delay the proceedings of an inferior court and shall appear to have been sued merely for delay, "damages at the rate of ten per cent, in addition to interest, shall be awarded upon the amount of the judgment." The court held that the rule should be construed as limiting the amount beyond which the court could not go, but that, in its discretion, it could give less. See, also, Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566.

Patent Office Rule 162, as finally amended, was designed to relieve an appealing party of the burden of printing the record, where the testimony does not exceed the specified number of pages. The provision requiring the appealing party to furnish legible typewritten copies of the record was, as ruled by the Board and the Commissioner, "for the convenience of the Board." The provision that the appeal shall be dismissed if the copies of the record are not filed within the time specified or within any extension thereof granted by the Board of Appeals was to prevent unreasonable delay. Both the Board and the Commissioner, in the exercise of their discretion, extended the time within which the copies should be filed. It would require a much stronger showing than has been made here to justify a court in setting aside the action of the Office. Having in mind that the writ of mandamus is equitable in character, that it issues for preventing instead of promoting injustice (Duncan Townsite Co. v. Lane, 245 U.S. 308, 38 S.Ct. 99, 62 L.Ed. 309), we have no hesitancy in ruling that the judgment of the

court below was correct, and it is therefore affirmed.

Affirmed.

STEPHENS, Associate Justice, dissents.

GRONER, J., took no part in the consideration or decision of this case.