**SVENSON v. COE, Commissioner of Patents.**
**No. 7125.**

United States Court of Appeals for the District of Columbia.

Decided Dec. 19, 1938.

Richard R. Trexler, of Chicago, Ill., and Theodore A. Hostetler, of Washington, D. C., for appellant.

R. F. Whitehead, Solicitor, U. S. Patent Office, of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and VINSON, Associate Justices.

EDGERTON, Associate Justice.

Appellant filed in the District Court his petition for mandamus to require the Commissioner of Patents to hold "public-use proceedings" in connection with certain interference proceedings involving patents of appellant[1] and an application of one Alden. This appeal is from the dismissal of that petition.

In the Patent Office, the primary examiner reported that a prima facie case of public use was made out against Alden. The Commissioner reversed that finding, and decided not to hold public-use proceedings. No statute requires or mentions such proceedings. Rule 11 of the Patent Office provides that, if a primary examiner finds a prima facie showing that an alleged invention had been in public use two years before the filing of the patent application, "a hearing may be had before the commissioner to determine whether a public-use proceeding should be instituted." Even if "may" were expanded to mean "must," appellant would have no cause of complaint; for a hearing was held. The Commissioner later found that he had been in error in ruling that there was no prima facie showing of public use; but he decided that it was expedient not to hold public-use proceedings until priority of invention was established. Appellant objects to the theories on which the Commissioner acted in reaching both of his decisions not presently to hold public-use proceedings. It would be inappropriate to inquire whether the Commissioner's theories were sound, for the decision to hold or not to hold

---

[28] United States v. Throckmorton, 98 U.S. 61, 70, 25 L.Ed. 93.

[1] Nos. 1,924,422 and 1,986,862.

public-use proceedings is within his discretion. The fact that no appeal lies from his decision does not alter the case.[2]

■ The familiar rule that mandamus lies against an officer only when he is refusing to perform a plain duty has been applied not only by this court[3] but by the Supreme Court[4] in proceedings against the Commissioner of Patents. This court has repeatedly refused to regulate his conduct of interference proceedings. "His discretionary action in this respect cannot be controlled by mandamus or injunction."[5] His decision to hold public-use proceedings cannot be so controlled.[6] His decision not to hold them is on the same footing.

In Steinmetz v. Allen,[7] which appellant cites, the Patent Office had refused to permit an appeal which was expressly authorized by statute. In Coe v. United States ex rel. Remington Rand, Inc.,[8] it had refused to permit an amendment which was expressly authorized by its rules.

■ Appellant complains that the patent authorities, after deciding on October 1, 1936, not to declare a third interference (between Alden's application and an application of appellant) until "the controversy as to public use has terminated," changed their minds and in December, 1936, declared that interference. He says the decision not to declare it was "final," and that the Patent Office had no authority to reverse itself in the matter. He asks that the Commissioner be required to disregard this third interference in considering his course of action with regard to public-use proceedings in the first interference. As the Commissioner's course with regard to public-use proceedings is discretionary, we could not grant appellant's prayer even if his strictures on the third interference were justified. But the declaration of that interference in December was consistent with the earlier decision of October 1; for the Office had in the meantime, on November 21, decided that no prima facie case of public use was made out. Although that decision of November 21 was later modified, we think that in the meantime the controversy as to public use had been "terminated" within the meaning of the decision of October 1. At the least, that construction is tenable, and the Office was entitled to adopt it. We need not decide whether cases denying its power to reverse a final decision on the validity of claims or the right of parties to make claims should be extended to preclude reversal of a decision regarding the order in which proceedings to determine the validity of claims should go forward.

Affirmed.

---

[2] Riverside Oil Co. v. Hitchcock, 190 U.S. 316, 23 S.Ct. 698, 47 L.Ed. 1074.

[3] e. g., United States ex rel. Lincoln Highway Association v. Ewing, 42 App. D.C. 508; United States ex rel. Societe de Condensation v. Coe, 67 App.D.C. 207, 91 F.2d 238, certiorari denied 302 U.S. 721, 58 S.Ct. 42, 82 L.Ed. 557, rehearing denied 302 U.S. 776, 58 S.Ct. 136, 82 L. Ed. 601; Id., 304 U.S. 589, 58 S.Ct. 1043, 82 L.Ed. 1549; United States ex rel. White v. Coe, 68 App.D.C. 218, 95 F. 2d 347.

[4] Ewing, Commissioner of Patents, v. United States ex rel. Fowler Car Co., 244 U.S. 1, 37 S.Ct. 494, 61 L.Ed. 955.

[5] United States ex rel. American Gas-Accumulator Co. v. Coe, Commissioner of Patents, 66 App.D.C. 21, 84 F.2d 398, 400; United States ex rel. Dwiggins v. Ewing, 43 App.D.C. 204, certiorari denied 238 U.S. 640, 35 S.Ct. 941, 59 L.Ed. 1501.

[6] United States ex rel. Dunkley Co. v. Ewing, 42 App.D.C. 176.

[7] 192 U.S. 543, 24 S.Ct. 416, 48 L.Ed. 555.

